IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,          No. 2:15-cv-2404-KJM-CMK-P

    Plaintiff,

  vs.          <u>FINDINGS AND RECOMMENDATION</u>

NICOLE M. TUCCI, et al.,

    Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Docs. 2,4).

        The Prison Litigation Reform Act's (PLRA) "three strikes" provision provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from

proceeding in forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike."  See id. at n.12.

The court has previously determined that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1985(g).  See Wilson v. Marin, et al., Case No. 2:14-cv-1829-WBS-EFB P (Doc. 6) (finding three or more cases had previously be dismissed as frivolous, malicious, or for failure to state a claim, including Wilson v. Schwarts, Case No. 2:05-cv-1649-GEB-CMK (Oct. 31, 2006 E. D. Cal.), Wilson v. Dovey, Case No. 2:06-cv-1032-FCD-EFB (Mar. 8, 2007 E.D. Cal.), and Wilson v. Dovey, Case No. 2:06-cv-2553-JKS-EFB (Mar. 11, 2008 E.D. Cal.)); see also Wilson v. Hubbard, Case No. 2:07-cv-1558-WBS-GGH (Oct. 16, 2009 E.D. Cal.).

In addition, it does not appear that plaintiff was under imminent danger of serious physical injury when he filed the instant complaint.  See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1037, 1055 (9th Cir. 2007).  In his complaint, plaintiff alleges the defendants are violating his Eighth Amendment rights by discriminating based on disability as to such privileges as when cells are unlocked, access to the dayroom, school, yard, church, phone calls, and showers, among others.  He also appears to be challenging the inmate grievance process, and the processing of inmate grievances.  However, nothing in the complaint indicates plaintiff is or was under imminent danger of serious physical injury.  Thus, the imminent danger exception does not apply.

As plaintiff has not paid the filing fee, and is not eligible to proceed in forma pauperis, this action shall be dismissed, without prejudice to re-filing upon prepayment of the filing fees.  See Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1998).

Based on the foregoing, the undersigned recommends that plaintiff's motion to proceed in forma pauperis (Docs. 2,4) be denied, plaintiff be barred from proceeding in forma

2

1  pauperis in this action under the three strikes provision of 28 U.S.C. § 1915(g), all pending
2  motions be denied as moot, and this case be dismissed without prejudice.
3        These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  Responses to objections shall be filed within 14 days after service of
7  objections.  Failure to file objections within the specified time may waive the right to appeal.
8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 6, 2016

                                                      /s/ Craig M. Kellison
                                                      **CRAIG M. KELLISON**
                                                      UNITED STATES MAGISTRATE JUDGE