IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,                                  No. 2:15-cv-2404-KJM-CMK-P

    Plaintiff,

  vs.                                              FINDINGS AND RECOMMENDATION

NICOLE M. TUCCI, et al.,

    Defendant.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Docs. 2,4). The undersigned previously issued findings and recommendations to deny plaintiff's motion (Doc. 15). Plaintiff filed objections to those findings and recommendations, and the District Court decided to not adopt the findings and recommendations. In so doing, the District Court noted, without deciding, that two of plaintiff's claims might indicate that plaintiff could qualify for the imminent danger exception, as discussed below.

        As set forth in the prior findings and recommendations, the Prison Litigation Reform Act's (PLRA) "three strikes" provision provides:

/ / /

1

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. Here, it has already been determined that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1985(g). See Wilson v. Marin, et al., Case No. 2:14-cv-1829-WBS-EFB P (Doc. 6). Thus, unless the court determines that plaintiff meets the imminent danger exception, he will not be allowed to proceed in this case without first paying the filing fees.

As the District Court noted, a prisoner who *adequately* alleges facts which support an application of the imminent danger exception, even if it is only to one claim, will be allowed to proceed in the entire action without prepayment of fees. See Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007) (emphasis added). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. See id. at 1052. The danger must be real, proximate, and ongoing. See id. at 1056; Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). The complaint must contain *plausible allegations* that plaintiff is in imminent danger of physical harm. Andrews, 493 F.3d at 1055 (emphasis added). Allegations that are overly speculative or fanciful may be rejected. See id. at 1057 n.11.

Here, the majority of the complaint is vague, conclusory and incomprehensible. The two claims the District Court indicated may address some imminent danger of serious physical injury plaintiff may have been facing at the time of filing his complaint are as follows:

> Claim #9:
>
> 10/12/2015, Plaintiff submitted Health Request for Primary Care Dr., for "Sharp PAIN" to move at times & for X-Rays & MRI, for Plata Quality Assurance, & concerns Shower Chrono for there is

| | |
|---|---|
| 1 | ('Lump') on Chest & do not want another ('ump') under arms from not Showering which 10/15/2015, plaintiff seen Dr. McAllister, & |
| 2 | stated did not have time was doing computer loggin & going to Lunch & handed paper on 'Costochondritis' & stated CMO Dr. |
| 3 | Bick issued Memo 4/15/2015, to 'Not' issue Medical Shower Chrono's it's custody issue. 10/29/2015, Plaintiff seen Dr. Dhillon |
| 4 | for follow-up & he denied any relief for Shower Chrono or Chest PAIN to move, & stated would talk to Chief Surgeon for Ground |
| 5 | Floor Chrono & no elevators, Yet! nothing done for Lump on Chest or Chest Pain, which Relief must be given, for currently Unit |
| 6 | M-1, has 'No' Heat & this may be done to keep EOP's in hibernate mode for C/O's do not have to Unlocks Cells, & EOP's Lay-Down |
| 7 | from Cold, & plaintiff suffers with Bone PAIN & Chest Pain, which relief must be Granted to Stop Illegal Acts under color of |
| 8 | authority, as EOP's are 'Not' allowed to wear Hats in Unit M-1, L-1, Yet! C/O's other Staff wearing & in Hallways & Dinning Halls |
| 9 | where it's the same temperature as Cold outside, which Relief must be granted. |

(Compl., Doc. 1, at 5) (all errors in original).

Claim #50:

October 12, 2015, Plaintiff submitted Health Request to see PCP Dr. McAllister for "Lump in Lower Right Chest that causes 'Sharp PAIN' to move at times for X-Rays, & MRI, for <u>Plata</u> Settlement Quality Assurance. Also concerns 'Shower Chrono,' before another, ('LUMP'), Exhibit 11, and seen Dr. McAllister, Exhibit 12, PRIORITY PASS, October 15, 2015, and Dr. explained he did not have time to check everything he had to got to Lunch, and do computer logging, and gave Exhibit, 13, 14, paper on 'Costochondritis,' which requires further testing, and Dr. stated CMO Dr. Bick issued Memo 4/15/2015, to 'Not' issue Med. Chrono's for Showers, its custody issue now. October 29, 2015, Plaintiff seen Dr. Dhillon for follow-up and he denied any relief for SHOWER CHRONO or Chest PAIN to move, and stated would talk to Chief Surgeon for Ground Fl & no Elevator Exhibit 15, PRIORITY PASS, showering day denied Shower Chrono & medical help Heart Check PAIN denied.

(Compl., Doc. 1, at 31) (all errors in original).

To the extent the undersigned can understand these claims, it appears that plaintiff was concerned about being denied showers which could result in another lump forming on his chest. In addition, he had submitted a health request for chest pain. It appears, however, that he was seen twice (on October 15, 2015 and again on October 29, 2015) and the doctors determined his chest pain is a result of costochondritis, an inflammation of the junctions where the upper ribs join with the cartilage that holds them to the breastbone. (See Compl., Ex. 13, at 217). A

disagreement with the diagnosis or wanting additional tests the medical provider does not determine are medically necessary does not equate to denial of medical treatment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976), Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Plaintiff does not explain his chest pain or how the chest pain he was actually experiencing could result in imminent physical harm. While it is obviously possible that some types of chest pain could be an indication of imminent physical danger, there could also be several non-emergency causes for experiencing chest pain, including the vague allegation that he was having chest pain due to costochondritis. Thus, the vague allegation of having chest pain is insufficient to find he qualifies for the imminent danger exception. If plaintiff has further facts to support a finding that he qualifies for the imminent danger exception, his objections to these findings and recommendation shall set them out in a clear, concise manner.

Further, the standard requires well plead *plausible allegations* that plaintiff was in imminent danger of physical harm. There are no claims in the complaint, including those identified above, that would even be sufficient to state a claim. The vague, conclusory allegations are certainly not well plead plausible allegations that he was suffering the type of pain which could be considered to place him in imminent danger. Rather, it appears he was seen for his complaint of chest pain twice, and he disagrees with the medical providers' response. As the claims are insufficient to state a claim, they cannot satisfy the imminent danger exception.

As plaintiff has not paid the filing fee, and is not eligible to proceed in forma pauperis, this action should be dismissed, without prejudice to re-filing upon prepayment of the filing fees. See Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1998).[1]

---

[1] It is noted that if plaintiff is granted IFP status, or pays the filing fee, the complaint filed in this action is likely to be deemed insufficient to state a claim. The allegations in plaintiff's complaint are so vague and conclusory that the undersigned is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Complaints must

Based on the foregoing, the undersigned recommends that plaintiff's motion to proceed in forma pauperis (Docs. 2,4) be denied, plaintiff be barred from proceeding in forma pauperis in this action under the three strikes provision of 28 U.S.C. § 1915(g), all pending motions be denied as moot, and this case be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8, the complaint is insufficient. Thus, if the fee status in this action is resolved, plaintiff is cautioned that his current complaint will likely be dismissed and he will be required to file an amended complaint.

5