UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

    Plaintiff,

v.

NICOLE M. TUCCI, et al.,

    Defendant.

No. 2:15-cv-2404-KJM-CMK-P

**ORDER**

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On January 29, 2018, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Plaintiff has filed untimely objections to the findings and recommendations. ECF No. 25.

Although plaintiff's objections were not timely filed, the court has, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, conducted a *de novo* review of this case, including the untimely objections. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

1

The magistrate judge recommends that plaintiff be denied leave to proceed in forma pauperis under the three strikes provision of 28 U.S.C. § 1915(g), and that this action therefore be dismissed without prejudice. The court agrees with the magistrate judge's findings that the provisions of 28 U.S.C. § 1915(g) apply to plaintiff, that he has not adequately alleged facts to support a finding that he "is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), and that he therefore cannot proceed with this action in forma pauperis. The court does not agree, however, that this action must therefore be dismissed.

The United States Court of Appeals for the Ninth Circuit has affirmed a district court dismissal of an action "pursuant to" 28 U.S.C. § 1915(g). *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997). The issue in *Tierney* was whether the three strikes provision of 28 U.S.C. § 1915(g) "includes claims dismissed prior to the effective date of the statute. . . ." *Id*. The court did not examine whether the language of § 1915(g) requires dismissal without giving leave to pay the filing fee, and the court does not view *Tierney* as requiring dismissal under the circumstances of this case. This court is prepared to give the plaintiff an opportunity to pay the filing fee of four hundred dollars ($400.00) for this action, 28 U.S.C. § 1914, and if he fails to do so to then dismiss the action under Federal Rule of Civil Procedure 41.

All outstanding motions will be denied without prejudice to their renewal, as appropriate, if plaintiff pays the filing fee as required by this order. Failure to pay the filing fee as required by this order will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 29, 2018, are adopted to the extent consistent with this order, and without reaching the substance of footnote 1;

2. Plaintiff's motions to proceed in forma pauperis (Docs. 2, 4) are denied;

3. Plaintiff is barred from proceeding in forma pauperis in this action under the three strikes provision of 28 US.C. § 1915(g);

4. Within thirty days from the date of this order plaintiff shall pay the filing fee of four hundred dollars ($400.00) required for this action; and

5. Plaintiff's outstanding motions, ECF Nos. 7, 8, 9, 10, 11, 13, 14, 18, and 26 are denied without prejudice to their renewal, as appropriate, upon payment of the required filing fee.

DATED: March 20, 2018.

_____
UNITED STATES DISTRICT JUDGE