UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>          Plaintiff,<br><br>    v.<br><br>NICOLE M. TUCCI, et al.,<br><br>          Defendants. | No. 2:15-cv-02404-KJM-CMK P<br><br><br><u>ORDER</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983, alleging that while in prison, he has been denied privileges such as access to the dayroom, school, yard, church, phone calls and showers, and also alleging the inmate grievance process is deficient. *See* Compl., ECF No. 1. The matter was referred to a United States Magistrate Judge, as provided by the local rules.

On January 29, 2018, the magistrate judge recommended that plaintiff be denied leave to proceed in forma pauperis under the three strikes provision of 28 U.S.C. § 1915(g), and that this action therefore be dismissed without prejudice. ECF No. 23. This court agreed as to the first conclusion, but declined to dismiss the action, instead explaining it was "prepared to give the

plaintiff an opportunity to pay the filing fee of four hundred dollars" and would dismiss the action only "if he fails to do so." Order, ECF No. 27, at 2. Plaintiff now moves for reconsideration under Federal Rule of Civil Procedure 60(b). Mot., ECF No. 28.

Rule 60(b) allows courts to relieve a party or its legal representative from a "final judgment, order or proceeding" for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, voidness, satisfaction, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Reconsideration should not be granted freely, as it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterp., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, the basis for plaintiff's reconsideration request is unclear. The motion's caption reads, "complaint did not request monetary relief and should not be barred IFP for on-going imminent danger and unusual circumstances/new evidence." Mot. at 1. In closing, plaintiff states "for the above reasons and more and the new evidence presented for on-going cruel and unusual punishment the plaintiff motion for reconsideration from courts order March 20, 2018, should be granted even if it dismiss part of complaint." *Id*. at 3 (verbatim). The evidence he attached to his motion is as follows: A copy of the court's March 21, 2018 order; a copy of his complaint; a copy of a 2015 article discussing "Costochondritis"; copies of his health services request forms from January and February of 2018; a letter dated February 18, 2018, that plaintiff sent to the Prison Law Office requesting advocacy assistance; and three internal Department of Corrections memoranda from 2017 discussing planned prison facility expansions and patient treatment initiatives. *See* ECF No. 28 at 4-25.

To the extent plaintiff seeks reconsideration based on newly filed evidence showing his continuous mistreatment in prison, that evidence has no bearing on the court's March 21, 2018 order. Plaintiff has asked the court reconsider an order that addressed only whether plaintiff is exempt from paying the filing fee; the order did not address the merits of his § 1983 claim. *See* Order at 1-3. Plaintiff cites no basis to reconsider the court's conclusion as to filing fee. *See* Mot. at 1-3.

To the extent plaintiff argues the attached evidence qualifies him for the "imminent danger" exception to the filing fee under 18 U.S.C. § 1915(g), he falls short for two reasons. First, he has not explained, nor can the court discern, how the attached evidence shows he faced imminent danger when he filed his complaint in November 2015. Second, plaintiff has not shown the attached evidence, most of which is dated, is in fact "newly discovered." Fed. R. Civ. P. 60(b)(2); *see also Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir. 1990); *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (explaining evidence not newly discovered if it was in movant's possession or movant could have, with due diligence, discovered and produced it before relevant ruling).

Because plaintiff neither explains when this additional evidence was discovered, nor how the evidence pertains to the court's conclusion that he must pay the $400.00 filing fee to maintain his action, he identifies no proper basis for reconsideration. This motion is DENIED.

The court's previously imposed filing fee deadline has now lapsed. *See* Order at 27 (imposing 30-day deadline from March 21, 2018). Given the delays occasioned by this motion for reconsideration, plaintiff shall have an additional fourteen days from the date of this order to pay the $400.00 filing fee. Failure to pay the filing fee by this deadline will result in the dismissal of this action.

IT IS SO ORDERED.

This resolves ECF No. 28.

DATED: August 13, 2018

_____
UNITED STATES DISTRICT JUDGE